Deaderick, J.,
delivered the opinion of the Court.
The plaintiffs, as partners, brought suit in Jackson County Circuit Court, against the defendant, who was former Sheriff of said county.
The first count in the declaration alleges that defend *620 ant, as Sheriff of Jackson County, received of plaintiffs, for collection, certain notes, describing them, which, he promised to collect and pay over to plaintiffs, and although often requested so to do, he has hitherto wholly failed to pay, etc. • The second count, which was filed upon leave granted to amend the declaration, alleges that defendant, being Sheriff of Jackson County, received into his hands for collection, of plaintiffs, the following notes, (enumerating and describing them,) and that said defendant, as the agent of plaintiffs, promised and agreed to use reasonable diligence in and about the collection of said several notes and sums of money, and Avhen collected, he would j>ay over and account for the same to the plaintiffs. Then follows an averment of the breach of these several agreements and undertakings.
To the declaration, several pleas are put in: 1st, Denying the agency and undertakings; 2nd, That his agency was revoked by the appointment of another agent; 3rd, Performance of his undertaking; 4th, Statute of limitations of six years.
Upon the trial of the cause, the plaintiffs read the receipt of defendant, signed as Sheriff) which recited that he had “received of James W. Draper, as agent of Kin-nard & Cooke, the following notes, for collection, executed to Kinnard & Cooke.” Then follows a list of the notes set out and described in the plaintiff’s declaration. The jury returned a verdict for defendant, and the Court refusing to grant a new trial, the plaintiffs appealed in error to this Court.
Upon the trial, it was proved that on several of the notes judgments were obtained in due time. Upon one *621 judgment no return was made of the execution, which came to plaintiff’s hands; and upon another judgment execution was returned with an insufficient return. In several other cases it was proved that the parties as to whom no returns or insufficient returns of executions were made, were solvent, and remained so for several years, and subsequently became insolvent. No testimony in contradiction of these facts was adduced.
The defendant offered to prove by James W. Draper the testimony given by one McKinney on a former trial of this case, the said McKinney having died since said trial. Draper stated that he had no recollection of McKinney’s having been examined as a -witness in this case, but that he was examined in the trial of a cause between himself and defendant; but if he was examined as a witness upon the former trial of this case, his statement did not vary from what he said on the trial between himself and defendant; that he was present at the former trial of this cause, and heard the testimony on the trial, but did not remember that the deceased witness was then examined. It was proved by another witness that McKinney was examined in this case, and witness, Draper, was then allowed to state what he, McKinney, had said in the trial between Draper and defendant. To this plaintiffs excepted.
This testimony was improperly admitted. The testimony of McKinney, which Draper details, was given in the suit of Draper against defendant, and was held admissible by his Honor, the Circuit Judge, upon the ground that Draper stated that if McKinney was examined in the former trial of this case, his testimony did *622 not vary from that given in the case of Draper against defendant. But Draper distinctly states that he does not remember, even, that McKinney was ever examined in this case, and, of course, he can not recollect what he stated upon his examination. This does not fulfill the requirement of the law. The testimony of a deceased witness must be proved by a witness who will swear from his own memory, or by notes taken by a person who will swear to their accuracy. 1 Gr., § 166.
His Honor, the Circuit Judge, charged the jury that, “you will not find against the defendant, unless the debtors are dead and their estates insolvent, or hopelessly insolvent, if living, even where it may appear that there has been want of reasonable diligence.” This charge is too strong against the plaintiffs. A Sheriff who gives his. receipt for the collection of a debt, becomes the agent for the collection of that debt, and is bound to use reasonable diligence. He must obtain a judgment and execution thereon within a reasonable time, and if he neglects to do so, and the debt is lost in consequence of the neglect, he is personally responsible, whether the loss be occasioned by the insolvency of the debtor, his removal from the country, or other cause.
For these errors the judgment of the Circuit Court will be reversed, and the cause remanded for a new trial.